PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS REESE, ) | |
| ) | CASE NO. 4:16CV2660 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JUDGE BENITA Y. PEARSON |
| OHIO DEPARTMENT OF ) | |
| REHABILITATION AND CORRECTION, ) | |
| *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF Nos. 2, 3, 4 and 5) |

Pending before the Court are *pro se* Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2); Motion for Assistance in Obtaining Counsel (ECF No. 3); Motion for Appointment of Counsel (ECF No. 4); and Motion for Leave to File an Amended Complaint (ECF No. 5). Plaintiff's Motion to Proceed *in forma pauperis* is granted but, for the following reasons, Plaintiff's Complaint is dismissed. Plaintiff's Motion to Amend is denied. His Motions for Assistance in Obtaining Counsel and for Appointment of Counsel are denied as moot.

## I. Background

Plaintiff, an Ohio prisoner incarcerated in the Southern Ohio Correctional Facility ("SOCF"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"); Captain Hill, Trooper Costerella, and Timothy Groves at the Trumbull Correctional Institution; Sergeant Echonrod and Warden Eric

(4:16CV2660)

Shay at the Trumbull County Jail; and Dr. King of the Ohio State Penitentiary. ECF No. 1 at PageID #: 3. His twenty-two page Complaint does not set forth clear, comprehensible factual allegations or specific constitutional claims against Defendants. As best as the Court can discern, Plaintiff complains, as he did in a prior civil rights action he filed in the Southern District of Ohio, that his rights were violated in connection with conditions and incidents that occurred over many years during his incarceration in the Trumbull County Jail, the Trumbull Correctional Institution, and SOCF. *Id.* at PageID #: 3–21. He contends his property was lost, he was not transferred to the prison he desired, and he was harassed and sent to segregation without justification. *Id*. He asks for return of, and reimbursement for, his property; compensation; immediate transfer; to have his security status lowered; and that "O.D.R.C. staff" be ordered to stop harassing him. *Id.* at PageID #: 22.

## II. Standard of Review

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Young Bok Song v. Gipson*, 423 F. App'x 506, 509–10 (6th Cir. 2011). Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, federal district courts are expressly required to screen all *in forma pauperis* actions and prisoner actions seeking redress from governmental defendants, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

2

(4:16CV2660)

who is immune from such relief.  See *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  In order to avoid a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§1915(e)(2)(B) and 1915A).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In addition, in order to state a claim, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

### III.  Discussion

The Court has reviewed Plaintiff's Complaint pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A and finds that it fails to meet minimum pleading requirements or contain allegations reasonably suggesting Plaintiff has a plausible federal civil rights claim in this case.

First, Plaintiff fails to state a claim against Defendants Warden Eric Shay and Trooper Costerella.  It is well-established that government officials may not be held liable solely under a theory of *respondeat superior* and that in order to state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Plaintiff does not make any factual allegations concerning Defendant Shay's or Defendant Costerella's conduct.

3

(4:16CV2660)

As for Defendants Hill, Groves, Echenrod, and King, although Plaintiff's Complaint contains some allegations regarding their conduct, these allegations are vague, unsubstantial, or conclusory, and, as such, they are insufficient to suggest plausible constitutional claims. *See Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) ("This court has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right."). A *pro se* plaintiff must meet basic pleading requirements, and a court is not required to conjure allegations on his behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Plaintiff alleges, in conclusory terms, that Defendant Hill assaulted him ECF No. 1 at PageID #: 3, 6, and that Defendant Echenrod harassed him, *id.* at PageID #: 20. Plaintiff's only allegations against Defendants Groves and King are that Defendant Groves told Plaintiff his property was present after Plaintiff reported it missing, *id.* at 4, and Defendant King told him he had seen transfers be granted for mental health reasons before, *id.* at 5. Plaintiff's allegations are insufficient to support plausible inferences that any of these Defendants violated Plaintiff's constitutional rights.

Finally, Plaintiff has alleged no plausible civil rights claim against the ODRC. A department of corrections is not a "person" subject to suit under § 1983. *See Parker v. Michigan Dept. of Corrections*, 65 F. App'x. 922, 923 (6th Cir. 2003).

4

(4:16CV2660)

For the foregoing reasons, Plaintiff's Complaint fails to state any plausible claim on which relief may be granted in this case.

Furthermore, Plaintiff's Complaint is also subject to dismissal because any claims he purports to allege under § 1983 are barred by the statute of limitations. Plaintiff did not file this action until October 13, 2016, and it is apparent on the face of his Complaint that none of Defendants' conduct in this case occurred on or after October 13, 2014. Accordingly, the two-year statute of limitations applicable to § 1983 claims in Ohio bars his claims. Ohio Rev. Code. § 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989); *see also, e.g.*, *Fraley v. Ohio Gallia Cty.*, Case No. 97-3564, 1998 WL 789385 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under § 1915(e)(2)(B) because the complaint was filed after the two-year statute of limitations).

Plaintiff's recently-filed request for leave to amend his Complaint (ECF No. 5) is denied. Plaintiff's request for leave to amend, like his original Complaint, is unclear and appears to complain about the same conditions and incidents as his original Complaint. Like his Complaint, his request for leave to amend fails to set forth discernible allegations suggesting he might have a plausible claim under § 1983 against any of the Defendants in this case.

### IV. Conclusion

Plaintiff's motion to proceed *in forma pauperis* is granted, but, for the reasons stated above, his action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court

5

(4:16CV2660)

certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith. Plaintiff's Motion to Amend is denied, and his pending Motions for assistance in obtaining counsel and for appointment of counsel are denied as moot.

      IT IS SO ORDERED.

 February 28, 2017                        */s/ Benita Y. Pearson*  
Date                                       Benita Y. Pearson  
                                           United States District Judge